# JOINT INDUSTRY BOARD OF THE ELECTRICAL INDUSTRY

## Policy for the Collection of Delinquent Contributions

### Article I--General Policy

The Trustees of the Joint Industry Board of the Electrical Industry (the "Joint Industry Board") and the Trustees ("Trustees") of each of the employee benefit plans that the Joint Industry Board administers, including plans governed by ERISA and those not governed by ERISA (the "Funds"), have authorized the Chairman of the Joint Industry Board to act on their behalf and to take all actions that are necessary to implement this Policy for the Collection of Delinquent Contributions (the "Collections Policy"). The purpose of this Collections Policy is to establish procedures to further enhance the Joint Industry Board's diligent and systematic efforts to collect contributions due and payable to the Funds.

Whereas, the Joint Industry Board is authorized to collect contributions to the Funds and to administer the Funds, including amounts required to be paid to the ERISA and non-ERISA funds and other payroll deductions required by Collective Bargaining Agreements;

Whereas, all benefit contributions and other amounts collected by the Joint Industry Board are known as "Contributions";

Now, therefore, it is hereby resolved that, the Joint Industry Board shall also administer this Collections Policy, and is hereby authorized, to initiate one or more of the following actions:

1. Prior to filing a lawsuit, collect Contributions, interest on late-paid Contributions, and attorney's fees and costs incurred;

11.111000.Delinquency Policy.8.29 13Final Draft

2.  Initiate a lawsuit in the name of the Chairman to collect from an employer, or any other liable individual or entity, any unpaid Contributions, interest, an amount equal to the greater of the interest on, or twenty percent of, the unpaid Contributions as of the filing of the complaint and thereafter ("Liquidated Damages"), reasonable attorneys' fees and costs, and other remedies to the extent permitted by Section 502(g)(2) of ERISA, and any documents or information disclosable under the Joint Industry Board's Audit Procedures, that the Joint Industry Board needs to assess whether contributions are due;

3.  Utilize arbitration procedures to pursue the collection of amounts due and any documents or information disclosable under the Joint Industry Board's Audit Procedures that the Joint Industry Board needs to assess whether contributions are due;

4.  Require bank or certified checks when the Joint Industry Board determines that there is a likelihood of a check being dishonored;

5.  Require a bond or cash deposit as security for prompt future Contributions due from an employer that the Joint Industry Board determines has been habitually delinquent in paying Contributions;

6.  Conduct its audit program to verify the accuracy of Contributions;

7.  Seek an injunction requiring any contractor with a delinquency history to pay Contributions timely; and

8.  Take any other reasonable steps and perform all other reasonable acts that are necessary to insure timely and expeditious payment of Contributions.

All questions and disputes relating to the interpretation, meaning and/or application of this Policy shall be resolved by the Chairman of the Joint Industry Board or his authorized designees subject to the oversight of the Trustees, for the protection of the financial integrity and soundness of the Funds and the efficient and effective administration of the Funds.

The procedures set forth herein shall be followed unless the Joint Industry Board, acting through the Chairman, determines that they should be waived in a particular instance. In the case of a material delinquency, the Joint Industry Board shall report such a determination to the Trustees of the applicable Fund(s) at their next regularly scheduled meeting. Moreover, the Joint

Industry Board's failure to follow these procedures, in whole or in part, or the failure to send any notice to an employer shall not be deemed to be a waiver of any of the Joint Industry Board's rights or remedies under these procedures, any applicable Collective Bargaining Agreement or the law. In the event that any provision of this Collections Policy is inconsistent with any provision of a plan or trust document of any of the Funds, the provisions of this Collections Policy shall prevail, subject to the oversight of the Trustees.

### Article II—Collection Procedure

A. <u>Due Date</u>

1. Employers shall remit Contributions and the supporting payroll report on the Tuesday following the last day of the payroll week (the "Payroll Ending Date"), unless the payroll report is submitted electronically in which case the payment shall be due upon receipt of invoice, or unless otherwise specified in an applicable Collective Bargaining Agreement. Such date shall be known as the "Due Date."

B. <u>Employment</u>

1. The Employment Department of the Joint Industry Board shall not refer manpower to a delinquent employer.

C. <u>Notice of Delinquency</u>

1. When an employer owes delinquent Contributions to the Funds, the Joint Industry Board shall send a letter to each such delinquent employer, after the employer owes six (6) weeks of contributions, demanding payment. The letter shall state that if the Contributions are not received within seven (7) days, the matter shall be referred to Counsel for collection. When an employer fails to pay the Contributions to the Funds before the specified date, Counsel for the Joint Industry Board

may send another letter to such delinquent employer(s) demanding payment and stating that unless the Contributions are received within seven (7) days, legal action may be commenced for collection, and the employer will be responsible for the unpaid Contributions, interest, Liquidated Damages, and legal fees and costs. Legal action is defined herein as utilizing the arbitration procedures or instituting litigation.

D. <u>Legal Action</u>

1. When an employer fails to remedy its delinquency after receiving notice of a delinquency, or if an employer has failed to submit any requested information or documentation to which the Funds are entitled under the Joint Industry Board's Audit Procedures, the Joint Industry Board may commence legal action to collect the unpaid Contributions, interest, Liquidated Damages, attorneys' fees and costs, and any other amounts due, and may seek injunctive relief, without further notice to the employer.

E. <u>Interest, Liquidated Damages & Attorney's Fees and Costs</u>

1. Prior to the commencement of legal action, interest shall be assessed on all Contributions, other than contributions to the Deferred Salary Plan, received six weeks or more after the Payroll Ending Date(s). Interest shall be calculated from the week ending date for late-paid or unpaid contributions. Interest shall be assessed on all contributions to the Deferred Salary Plan received more than fifteen (15) days after the week ending date, at which point interest shall be calculated from the week ending date. Interest shall be calculated at the rate set forth in Section 6621 of the Internal Revenue Code ("IRC"). Interest shall also be due on interest that has been billed and is overdue. In addition, employers who are referred to the Joint Industry Board's Counsel for

legal action shall be responsible for the attorneys' fees and costs incurred by the Joint Industry Board on behalf of the Funds with respect to such employer.

2. Once legal action is commenced against a delinquent employer, such employer shall be liable for interest assessed or owed prior to the commencement of legal action, as set out in the preceding paragraph, as well as additional interest on contributions paid late or unpaid after commencement of the legal action, calculated in the same manner on pre-litigation interest. Once legal action is commenced, a delinquent employer shall also be liable for Liquidated Damages plus additional attorney's fees and costs incurred.

F.  Estimates of Unpaid Contributions

1. When an employer fails to remit Contributions and has not submitted payroll reports for such unpaid Contributions, the Joint Industry Board may use a prior week's payroll report submitted by the employer to calculate the amount of Contributions due from the employer.

2. When the Joint Industry Board receives the actual payroll reports from the delinquent employer and recalculates the actual Contributions due, the employer shall be responsible for any additional Contributions and interest due even if the Court has entered a judgment on the estimated unpaid Contributions.  If the actual Contributions due are less than the estimated contributions due, the employer shall receive a credit due from the Joint Industry Board.

G.  Evidence Pertaining to Estimates and Audits

1. After due notice, any audit report or an estimate based upon prior payroll reports issued by or for the Joint Industry Board relating to the employer's contribution obligation is admissible evidence, and the amounts found to be due in such audit or estimate are owed by the employer to the Joint Industry Board unless the employer provides evidence that contradicts the audit

or estimate, in which case the audit or estimate is contested and the trier of fact shall make a determination based upon relevant testimonial and documentary evidence.

    H.    Termination of Benefits

        1. When an employer owes more than eight (8) weeks of Contributions to the Funds, medical benefits for the employees of such employer may be terminated, which termination shall be considered termination for the reason of failure to pay premiums. In the event that health benefits are terminated, the employees and their dependents shall not be eligible for COBRA coverage as a result of such termination. Benefits may be reactivated upon payment by the employer of the amounts due.

    I.    Additional Steps

        1. The Joint Industry Board may, after notice to a delinquent employer, take other actions as it deems necessary to collect additional delinquencies owed by the employer to the Funds, such as providing notice of the delinquency to the members and/or Local Union #3, International Brotherhood of Electrical Workers.

    J.    Third-Parties

        1. The Joint Industry Board may take any action to seek to collect amounts due from an employer from any individual or entity that has voluntarily accepted liability for such amounts, or who is otherwise liable for such amounts. The Joint Industry Board shall have the same rights and authority under this Collection Policy with respect to such individual or other entity as to an employer.

K. <u>Time Periods</u>

1. The Chairman may shorten any time period stated in this Collection Policy, or waive a notice requirement, for cause, such as the amount of a delinquency or likelihood of collection. In the case of such action by the Chairman with respect to a material delinquency, the Joint Industry Board shall report such action to the Trustees of the applicable Fund(s) at their next regularly scheduled meeting.

L. <u>Settlements</u>

1. All settlements shall be in writing and signed by the employer (and any other entity or individual party to the settlement) and the Chairman of the Joint Industry Board on behalf of the Funds. The Chairman shall have authority to settle matters in his discretion, subject to the oversight of the Trustees, for the protection of the financial integrity and soundness of the Funds and the efficient and effective administration of the Funds. Settlements shall be in whatever form the parties agree.