## JOINT INDUSTRY BOARD OF THE ELECTRICAL INDUSTRY

### Arbitration Procedures and
### Rules Governing Employer Delinquency Disputes and Audits

**I.   Definitions**

    A.    "JIB" shall mean the Joint Industry Board of the Electrical Industry.

    B.    The "Union" shall mean Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO.

    C.    "CBA" shall mean a collective bargaining agreement between an employer and the Union.

    D.    "Funds" shall mean the employee benefit plans or programs administered by the JIB, to which Employers are required to contribute under their CBAs.

    E.    "Trust Agreements" shall mean the Funds' trust agreements.

    F.    "Trustees" shall mean the Trustees of the Joint Industry Board of the Electrical Industry.

    G.    "Employer" shall mean an employer who is or was bound by a CBA or participation agreement requiring it to pay benefit contributions to the Funds on behalf of its covered employees, as well as any individual or other entity that has agreed to be liable for Delinquencies, as defined below.

    H.    "ERISA" shall mean the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq., as amended.

    I.    "Delinquency" or "Delinquencies" shall mean unpaid wages, unpaid benefit contributions including interest on such contributions, interest on late-paid contributions, loan repayments, or other salary deductions, liquidated damages as defined by §502(g) of ERISA, attorney's fees, amounts due under settlement agreements or stipulations with the JIB, audit deficiencies and fees and related expenses owed by an Employer to the Funds or the JIB, and any other amounts owed to (or collected by) the JIB under the Employer's CBA(s) or participation agreements with one or more of the Funds. These amounts include, but are not necessarily limited to, any amounts due from an Employer to the JIB under any CBA or any law, including ERISA, the National Labor Relations Act, or other statutory, regulatory, or case law.

    J.    "Audit" shall mean an examination of an Employer's relevant books and records, conducted in accordance with the agreed Audit Procedures, by an accountant or other agent of the JIB retained, employed, or otherwise designated by the JIB to determine if the Employer has paid all contributions due to the Funds under the terms of the Employer's CBA.

K. "Dispute" shall mean any claim by the JIB against an Employer, related to the Employer's obligation to contribute to the Funds, including but not limited to Audits, Delinquencies, interest, liquidated damages, and attorney's fees and costs (not including claims for withdrawal liability).

L. "Neutral Arbitrator" shall mean the arbitrator appointed pursuant to these procedures as set forth herein.

II. <u>Jurisdiction of Neutral Arbitrator</u>

A. These procedures and rules, and not the grievance procedures established under the Employer's CBA, shall apply to any "Dispute" that is referred to arbitration by the JIB.

B. The Neutral Arbitrator's authority is limited to Disputes.

C. The Neutral Arbitrator shall have no authority to determine an Employer's withdrawal liability, which shall be subject to the provisions of ERISA Sections 4201 et seq.

D. The failure of a party to appear at a hearing properly scheduled under these Procedures, or in any other way to participate in the arbitration process, shall in no way limit the Neutral Arbitrator's authority to hear Disputes and render a fully binding ruling on all parties, and shall in no way limit the non-appearing party's liability.

E. Any award issued by the Neutral Arbitrator pursuant to these procedures shall be enforceable in any court of competent jurisdiction. Any party enforcing an award issued by the Neutral Arbitrator in court may seek additional amounts, including additional unpaid contributions, interest, liquidated damages, and any attorney's fees and costs incurred. A referral of a Dispute to the Neutral Arbitrator by the JIB shall be without prejudice to any other Delinquencies, Audits, or any other amounts not specified by the JIB in its referral to the Neutral Arbitrator.

F. Any determination by a Neutral Arbitrator or court enforcing an award issued by a Neutral Arbitrator pursuant to these procedures that any of these procedures is illegal or unenforceable shall in no way affect any other provision in these procedures.

III. <u>Selection of the Neutral Arbitrator(s)</u>

A. The JIB, with the approval of the Trustees, shall appoint a panel of more than one Neutral Arbitrator(s). Each dispute shall be assigned, on a rotational basis, to the next Neutral Arbitrator on the panel to hear and determine.

B. The rotation of assignments shall be followed strictly unless the Neutral Arbitrator assigned to hear a Dispute is not available within two weeks of the scheduled date, in which case the JIB may, subject to the notice and timing

11.1110000 Arbitration Procedures 9.23.13.Final Draft

procedures, replace the originally assigned Neutral Arbitrator with the next Neutral Arbitrator in the rotation.

IV.  **Referral of Disputes to Arbitration**

Disputes may be referred to arbitration by the JIB by sending a written request (the "Referral") for arbitration to the Neutral Arbitrator, with a copy to the Employer at its mailing address and fax or email on file with the JIB, and its counsel, if known. It is the Employer's obligation to maintain a valid mailing address and fax number or email address on file with the JIB, and the JIB may rely on such contact information provided by the Employer for all purposes hereunder. Reference hereunder to the date of "transmission" of a document shall mean the date the JIB faxes or emails the document to the Employer. All communications made pursuant to these procedures shall be deemed sufficient if made in this manner, and shall be directed through the parties' counsel if the opposing party receives notification of the counsel's designation as the party's representative in the case.

The Referral shall state:

1. the hearing date, or, if the arbitration shall be conducted by paper submission only, the due date for any submissions and for responses to such paper submissions;

2. briefly state the issue to be decided;

3. where known, the amounts in dispute, which will be subject to change, *inter alia*, to reflect payments made and additional Delinquencies that come due or are identified as due, through the date of the hearing or submission due date;

4. contact information for future communications with the JIB regarding the arbitration, including the manner of sending to the Neutral Arbitrator and the JIB arbitration documents, described below.

V.  **Scheduling of Hearing**

A. The JIB may in its discretion schedule regular periodic and/or intermittent arbitration hearings, at which one or more Disputes involving one or more Employers may be heard, by one or more Neutral Arbitrator(s). Any Dispute may be heard at any such periodic or intermittent hearing as selected by the JIB not less than fifteen (15) business days after the transmission of the Referral. Any arbitration to be held by paper submission only will require that the submissions be delivered no less than fifteen (15) business days after the transmission of the Referral.

B. An Employer or the JIB may request in writing to the Neutral Arbitrator and other party, no later than ten (10) business days after transmission of the Referral, for the hearing (or paper submission due date) to be adjourned. In that case, the

3

hearing (or due date) shall be reasonably rescheduled to another date selected by the JIB, or at the parties' agreement. If rescheduled at the JIB's selection, and the Employer has not previously requested an adjournment, the Employer may request an adjournment of the rescheduled date pursuant to this paragraph. The Employer may make one request for adjournment of a hearing with respect to any Referral. The parties may agree to an adjournment at any time before the hearing.

C. The hearing shall be held at the JIB's office, located at 158-11 Harry Van Arsdale Jr. Avenue, Flushing, New York 11365, or such other place as the JIB designates, including by telephone, or to which the parties agree.

D. The JIB may, in its discretion, decide that the arbitration shall be conducted on paper submission only, without an in-person hearing, in which case the Referral shall so state. If within ten (10) business days after transmission of the Referral the Employer demands, in writing to the Neutral Arbitrator and JIB, for the arbitration to be in person, the JIB shall schedule a hearing no less than fifteen (15) business days after receipt of the Employer's demand. The Employer's failure to request an in-person hearing under this paragraph constitutes waiver of its right to an in-person hearing. The JIB may in its discretion agree to an in-person hearing if the Employer shows good cause for its failure timely to demand an in-person hearing.

VI. **Pre-Hearing Procedures**

A. No later than five (5) business days prior to the hearing date (or on the date for paper submissions), each party will submit the following items to the Neutral Arbitrator, with a complete copy sent to the other party, by the means set out in the Section Referral of Disputes to Arbitration, above:

1. A copy of all documents that each party plans to introduce as an exhibit at the hearing (or relies upon in its paper submission), provided that any exhibits detailing the amounts alleged to be due from the Employer are subject to change before the hearing, to reflect, *inter alia*, payments made and additional Delinquencies that come due through the date of the hearing. These documents must be numbered and clearly identified as JIB 1, JIB 2, or Employer 1, Employer 2, etc. It is the responsibility of each party to number and identify all exhibits submitted to the Neutral Arbitrator.

2. A list of witnesses who will be called to testify in person at the hearing, or by sworn affidavits. Affidavits, if used, must accompany the witness list. Witnesses testifying by affidavit must be available on the hearing date to testify in person if requested by the opposing party.

B. If one party fails to submit its documents by the deadline and manner described above, the other party shall have the option of going forward with the hearing or

rescheduling the hearing, with the cost of rescheduling to be borne by the party that failed to submit the items timely.

C. If, despite the Neutral Arbitrator's request, a party refuses to produce documents or witnesses under the party's custody or control, the Neutral Arbitrator may draw such inferences as he or she deems appropriate. However, the Neutral Arbitrator has no power to subpoena either documents or witnesses.

D. At any time prior to the hearing, unless the Employer objects, the JIB may withdraw its referral of the Dispute to the Neutral Arbitrator, which shall be without prejudice unless otherwise specified by the JIB. The JIB may withdraw the referral with prejudice at any time without the Employer's consent.

## VII. Hearing Procedures

A. Either party's failure to attend the hearing (or failure to submit paper submissions) shall in no way limit the Neutral Arbitrator's authority to hear Disputes and render a fully binding ruling on all parties, and shall in no way limit the non-appearing party's liability.

B. The parties may, but are not required to, be represented at the hearing (or on paper) by counsel or other authorized representatives.

C. The Neutral Arbitrator shall, before commencing the hearing, at either parties' request or his or her own initiative, attempt to mediate a settlement between the parties, without prejudice to his or her right to serve as a Neutral Arbitrator. Statements made at any such mediation by a party or its representatives shall not be used against the party at any later time, and shall not serve to waive any of the party's rights, unless explicitly and specifically waived in writing.

D. The Neutral Arbitrator shall take an oath of office and shall require all witnesses to testify under oath.

E. The hearing shall begin promptly at the appointed time and shall proceed in the absence of any party who fails to be present or fails to obtain a postponement pursuant to these procedures. In the case of non-appearance, the other party shall have the option of going forward with the hearing or rescheduling the hearing, with the cost of rescheduling to be borne by the party that failed to appear.

F. No stenographic record shall be made unless specifically requested by a party. Such requesting party shall be responsible for arranging for the presence of a certified stenographic reporter and for payment of all fees and expenses connected with the creation of a stenographic record unless all parties request a stenographic record in which case the cost shall be shared equally between or among the requesting parties. All hearings shall be recorded by audio and/or video equipment, a copy of which shall be maintained by the JIB for one year, or longer if the matter is subject to litigation, and made available to the Employer upon request.

G. The parties may offer such evidence—documents and testimony (live or by affidavit)—as may be relevant, material, and necessary for a resolution of the Dispute. The Neutral Arbitrator shall determine what evidence is relevant, material and/or necessary and what weight shall be given to such evidence. Each party shall provide each other party with identical copies of all documents submitted to the Neutral Arbitrator.

H. At the in-person hearing, the JIB may, at its discretion, present evidence demonstrating the amounts due from the Employer by documentary evidence and sworn affidavit only, without a live testifying witness. Such evidence shall be considered by the Neutral Arbitrator as if it were live testimony, unless the Employer objects to its introduction as such prior to the hearing, pursuant to Section Pre-Hearing Procedures, above.

I. Once the hearing has been closed and/or acceptance of evidence and any paper submissions completed, no further evidence may be submitted or accepted except on a showing of good cause. Post-hearing briefs shall not be permitted, except in unusual circumstances, such as on issues of first impression, as determined by the Neutral Arbitrator, or if the parties agree.

## VIII. Evidence

A. The Neutral Arbitrator shall be the sole judge of admissibility, relevance and materiality of all evidence and testimony offered. The Neutral Arbitrator may receive and consider any evidence offered, including hearsay, but shall give appropriate weight to any objections made.

B. If the Employer does not appear at the hearing (or fails to submit paper submissions when due), the Neutral Arbitrator may find that the Employer's liability as alleged by the JIB is established. In that case, the arbitrator may base the amount of the award to the JIB on the damages proven by the JIB by a preponderance of the evidence submitted by the parties.

C. The JIB shall be entitled to designate permanent exhibits, such as plan documents and other internal procedures, and which it may introduce by reference. Copies shall be available to the Employer if it appears at the hearing.

D. There shall be a rebuttable presumption that:

1. Any plan document, including but not limited to Trust Agreements and amendments, JIB procedures, CBAs, memorialization of Trustee decisions, such as meeting minutes, and general correspondence from the JIB to Employers introduced by the JIB, and any statement by the JIB about the JIB's authority to collect amounts due to the Plans, applicable interest rate, amount of liquidated damages, and amount of attorney's fees and costs incurred, is complete, genuine, accurate, and admissible.

2. The amounts listed as due on the payroll or remittance reports submitted by the Employer that report amounts due to the JIB ("Payroll Reports") accurately represent the amounts due from the Employer to the JIB for the weeks reported, and the Employer is obligated to contribute at the rates set forth in the Payroll Reports unless either party provides evidence that contradicts a Payroll Report in which case the Neutral Arbitrator shall make a determination based upon relevant testimonial and documentary evidence..

3. The reports that the JIB prepares summarizing the Payroll Reports are admissible business record evidence and reflect the amounts reported by the Employer in its Payroll Reports, and may be relied upon in place of the Payroll Reports.

4. An Employer that has submitted at least one Payroll Report or made at least one payment to the JIB reflecting the rates under a CBA that is a successor to its most recent CBA did so pursuant to that successor CBA, even if the Employer has not formally executed the successor CBA.

5. After due notice, any audit report or an estimate based upon prior payroll reports issued by or for the JIB relating to the employer's contribution obligation is admissible evidence, and the amounts found to be due in such audit or estimate are owed by the employer to the JIB unless the Employer provides evidence that contradicts the audit or estimate, in which case the audit or estimate is contested and the Neutral Arbitrator shall make a determination based upon relevant testimonial and documentary evidence.

IX. **Time, Form and Notice of Award**

A. The Neutral Arbitrator shall render an award promptly, and in no event later than fifteen (15) calendar days after the date of the closing of the hearing or the acceptance of evidence or all paper submissions, unless the parties have been instructed to submit briefs, in which case the award shall be rendered no later than fifteen (15) calendar days after the submission of briefs. The failure of the Arbitrator to render an award within the prescribed time shall not affect the validity of the award. The parties may agree to extend any time periods in this paragraph.

B. The award shall be in writing, signed and dated by the Neutral Arbitrator, and shall include a statement of the reasons therefor. The Neutral Arbitrator shall award any amount sought in the Dispute that he or she determines to be due, including any interest, liquidated damages, attorneys' fees and costs, and any other amount to which the JIB is entitled under ERISA Section 502 or other law, the Employer's CBA, the Trust Agreements, other agreement between the JIB and the Employer, or these procedures. The award shall be final and binding. The Neutral Arbitrator's authority is limited by the CBA, the Trust Agreements, and these procedures.

C. The Neutral Arbitrator shall send a copy of the award to each of the parties or their representatives by first class mail and/or by such means of communication (postal or electronic) as may be agreed to by the parties.

X. **Fees and Costs**

A. Witness fees, including any service fees or charges, as well as document copying costs, shall be paid by the party calling the witness and producing the documents.

B. If the Neutral Arbitrator finds in whole or in part for the JIB, the Employer shall be liable for the Neutral Arbitrator's fees and the JIB's attorney's fees and costs. If the Neutral Arbitrator rules on all claims for the Employer, the JIB shall bear the cost of the Neutral Arbitrator's fee, and the Neutral Arbitrator may award the Employer its attorney's fees and costs.

C. The Employer is solely responsible for his or her own representative's or attorney's fees.

D. If either party cancels or reschedules the arbitration hearing after it is scheduled, and after the expiration of the Neutral Arbitrator's grace period for cancelations, that party is responsible for any cancelation fees that the Neutral Arbitrator may assess, except as set out below. The Neutral Arbitrator may waive this fee.

E. If, following the JIB's referral to arbitration, the Employer pays some or all of the amounts alleged to be due, or submits missing Payroll Reports or to an Audit, or in any other way the Employer resolves the Dispute, and, as a result, the JIB decides to cancel or reschedule the arbitration, the Employer shall be liable for the Neutral Arbitrator's fees, if any.

F. The Employer shall remain obligated for any of the Neutral Arbitrator's fees that are the Employer's responsibility, notwithstanding payment by the JIB of some or all of the Neutral Arbitrator's fees that are the Employer's responsibility. The Employer shall be obligated to reimburse the JIB for any such amounts paid by the JIB.