STATE OF NEW YORK                  x

IN THE MATTER OF ARBITRATION        :    Before: Stephen F. O'Beirne, Esq.
                                                         Arbitrator

DR. GERALD FINKEL, as Chairman of the Joint    :    Case No.: 2017-JIB-000178
Industry Board of the Electrical Industry,

                           Claimant,

                                                           **Statement of Claims**
           -against-

E.S.E ELECTRICAL INC.,

                          Respondent.

---------------------------------------------------------------x

## STATEMENT OF CLAIMS

1. This arbitration is brought by the Joint Industry Board of the Electrical Industry (hereinafter the "JIB"), through its Chairman, Dr. Gerald Finkel, as the administrator of various employee benefit plans established and maintained pursuant to collective bargaining agreements between Local Union #3 of the International Brotherhood of Electrical Workers, AFL-CIO, ("Local 3") and employer associations and independent or unaffiliated employers in the electrical, elevator, sign, television, burglar alarm and other related industries.

2. By this arbitration, the JIB seeks (a) relief against E.S.E Electrical Inc. ("ESE" or the "Company") pursuant to §§404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, and (b) to collect various other sums due to the JIB in accordance with the terms of a collective bargaining agreement pursuant to §301 of the Labor Management Relations Act of 1935, as amended ("LMRA"), 29 U.S.C. §185.

3.  Upon information and belief, the Company is, and at all times relevant to this arbitration has been, a New York corporation. According to the New York Secretary of State's website, the Company's registered address is: 1122 Coney Island Ave., Suite 200 Brooklyn, NY 11230. According to the JIB's business records, the contact information for the Company and/or its principal is: Sibelle Daams.

4.  Upon information and belief, at all times relevant to this arbitration, the Company was engaged in the electrical contracting business within the metropolitan New York area. The Company is, and at all times relevant to this arbitration, has been, an "employer" within the meaning of §3(5) of ERISA, 29 U.S.C. §1002(5) and §301(a) of the LMRA, 29 U.S.C. §185(a).

**The Collective Bargaining Agreements and the Obligation to Remit Contributions**

5.  The Company, as an independent or unaffiliated signatory, is bound by the terms of the collective bargaining agreement between Local 3 and the New York Electrical Contractor's Association, Inc. and the Association of Electrical Contractors, Inc., (the "Associations") for the period of May 11, 2016, through April 10, 2019 (the "2016 CBA"), which was preceded by the collective bargaining agreement effective May 8, 2013, through May 11, 2016 (the "2013 CBA").

6.  The 2016 CBA and the 2013 CBA hereinafter are referred to collectively as the "CBAs," true, correct and complete copies of which are available collectively as **JIB ST. EX. 2.**

7.  The CBA and the Trust Agreements establishing each of the Plans are agreements between Local 3 and various employers and employer associations within the meaning of §§502(a)(3) and 515 of ERISA, 29 U.S.C. §§1132(a)(3) and 1145, and within the

meaning of §301(a) of the LMRA, 29 U.S.C. §185(a). In addition, the CBA and the Trust Agreements of the ERISA Plans are plan documents within the meaning of §§502(a)(3) and 515 of ERISA, 29 U.S.C. §§1132(a)(3) and 1145.

8. The JIB and each of the Plans are third-party beneficiaries of the CBA.

9. Upon information and belief, at all relevant times, including but not limited to the period from the payroll week ending August 2, 2017, to the payroll week ending October 22, 2017, the Company paid its covered employees at the wage rates set forth in, or otherwise authorized by, the CBA.

10. The JIB maintains internal business records of the date Required Contributions are due and received (if paid), the amount of contributions due, and the data (*e.g.* wages, hours worked, employee identification) for those employees on whose behalf the contributions were remitted. The JIB's business records, and the data contained therein, are compiled from information submitted by the contributing employers or their agents and maintained in the ordinary course. Such internal business records of the JIB are presumed to accurately state the indebtedness at issue. See the Joint Industry Board of the Electrical Industry Arbitration Procedures and Rules Governing Employer Delinquency Disputes and Audits (the "JIB APR"), Article VIII, Sections 2-3, a true, correct and complete copy of which is available herewith as **JIB ST. EX. 1.**

11. As administrator of the Plans, the JIB has adopted a delinquent contribution policy with respect to unpaid contribution due and owing to the Plans, which authorizes the assessment of (a) interest on late-paid and/or unpaid contribution due and owing to the Plans, at the rate established by the Plans or in accordance with §6621 of the Code, 26 U.S.C. §6621; (b) liquidated damages at the rate of 20% on unpaid contribution due and owing to the Plans; and (c) legal fees and costs incurred in related collection efforts.

12. All ERISA Contributions -- excluding contributions to the Deferred Salary Plan ("DSP Contributions") and Non-ERISA Contributions -- are collectively referred to as "JIB Contributions"; DSP Contributions together with JIB Contributions are collectively referred to as "Required Contributions."

13. Along with the weekly JIB Contributions, the Company is required to submit payroll reports ("Payroll Reports") to the JIB that provide the name, gross wages, and hours worked for each worker employed by the Company on whose behalf JIB Contributions are made.

14. Along with the weekly DSP Contributions, the Company is required to submit Payroll Reports to Prudential Financial, Inc. ("Prudential"), the third-party record-keeper and investment manager retained by the DSP, which set forth the amounts of Employee Contributions, Employer Contributions and loan repayments being deducted from employee wages and remitted to Prudential.

15. Pursuant to the CBA, each payroll week ends on a Wednesday, and the Payroll Reports and Required Contributions are due the following Tuesday.

**The Summary Sheet**

16. Annexed hereto as **Exhibit A** is a dated summary sheet prepared and maintained by the Joint Industry Board as a business record, which provides pedigree information regarding the delinquent electrical contractor and details weekly JIB Contributions and DSP Contributions -- listed by "employee" and "employer columns, which are then combined into a "401K" column -- which together equal the total Required Contributions due column. The summary sheet also displays (as applicable): (a) the total amount due and payment history on any Stipulation, as well as a "Stipulation History" of prior stipulations granted; (b) the

relevant dates and total amount due on the Audit Deficiency; (c) the total amount due on underpaid contributions or other shortages; (d) the total amount due for Dishonored Checks; (e) the interest demanded on late-paid Required Contributions prior to the filing of the arbitration, which are divided into "DSP Interest" for DSP Contributions and "JIB Interest" for JIB Contributions; (f) the Additional Interest demanded on unpaid Required Contributions prior to the filing of the arbitration; (g) the Liquidated Damages amount; and (h) the Legal Fees and Costs amount.

**The Company's Failure to Remit Required Contributions**

**A.     Unpaid Contributions**

17.     Upon information and belief, for all relevant periods, the Company employed employees who performed work covered by the CBA.

18.     The Company has not paid Required Contributions as follows: (a) JIB Contributions owed for certain of the payroll weeks ending August 22, 2017, through November 22, 2017; and (b) DSP Contributions owed for certain of the payroll weeks ending August 22, 2017, through November 22, 2017.

19.     In accordance with the Plans and its delinquent contributions policy, the JIB estimates JIB Contributions and DSP Contributions based on the last week's Payroll Reports when the Company has failed to submit to the JIB and/or Prudential the required documentation for a given payroll week.

20.     The Company remains obligated to pay the Required Contributions to all Plans due under the CBA that will accrue between the date this Statement of Claims is filed and the date an arbitration award is rendered.

5

21. Pursuant to **Exhibit A**, the Company currently owes $236,756.56 in Required Contributions, which the JIB accordingly seeks in this arbitration.

**B.    Underpaid Contributions or Shortages**

22. Upon information and belief, for all relevant periods, the Company employed individuals who performed work covered by the CBA.

23. The Company has underpaid certain Required Contributions owed for the payroll week nos. 20-27 and 29-30 of 2016.

24. Pursuant to **Exhibit A**, the Company currently owes underpaid contributions or shortages in the amount of $632.50, which the JIB accordingly seeks in this arbitration.

**C.    Other Amounts**

25. The Company remains obligated to pay Required Contributions to all Plans due under the CBA that will accrue between the date this Statement of Claims is filed and the date an award is made.

26. Upon information and belief, additional amounts will continue to become due and owing during the pendency of this arbitration as the Company continues to fail to pay, fully and/or timely, the Required Contributions pursuant to the CBA.

**Interest on Required Contributions that Remain Unpaid or Were Paid Late**

27. The Company paid the JIB Contributions and/or DSP Contributions either late or not at all for various dates during the period of the payroll weeks ending August 22, 2017, through November 22, 2017, and previously. Consequently, the Company owes interest on those late-paid and/or unpaid Required Contributions.

28. To date, the Company has failed and refused to remit any interest payment.

29. Pursuant to **Exhibit A**, the Company currently owes interest in the total amount of $2,209.89, which the JIB accordingly seeks in this arbitration.

**Liquidated Damages**

30. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), as well as the CBA, certain trust agreements and its own delinquent contributions policy, the Joint Industry Board is entitled to collect an additional amount equal to the greater of the interest due on the unpaid and late-paid Required Contributions (which include contributions that were delinquent at the time the arbitration was filed and subsequently paid late) or liquidated damages in an amount provided for by the Plans, not to exceed 20 percent of the delinquent contributions that remain unpaid to the Plans.

31. Pursuant to **Exhibit A**, the Company currently owes liquidated damages in the amount of $47,483.81, which the JIB accordingly seeks in this arbitration.

**Legal Fees and Costs**

32. Pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D), and its own delinquent contributions policy, the Joint Industry Board also seeks to recover the attorney's fees and costs incurred in this case from its inception through the filing of the default application.

33. Attorneys and paralegals at the JIB keep contemporaneous time records which are compiled and maintained electronically as billing records.

34. Moreover, pursuant to its own delinquent contributions policies, the Joint Industry Board is entitled to recover all other reasonable legal fees and costs associated with this matter, including arbitrator's fees.

35. Accordingly, the Company owes legal fees and costs in an amount that will be determined in this arbitration.

**PRAYER FOR RELIEF**

WHEREFORE, the JIB prays that the arbitrator enter an award against the Company as follows:

A. Ordering the Company to remit the Required Contributions determined by the arbitrator to be due and owing; and

B. Ordering the Company to pay interest on (1) the amount of Required Contributions found to be due and owing, calculated through the date that the award is made at the rate or rates established by the respective Plans or in accordance with §6621 of the Code, 26 U.S.C. §6621; (2) any late-paid Required Contributions paid prior to the filing of this Statement of Claims, and such further interest as may accrue on that amount calculated at the rate established by the individual Plans or in accordance with §6621 of the Code, 26 U.S.C. §6621 through the date the award is made; and (3) any late-paid Required Contributions paid after the filing of this Statement of Claims through the date the award is made; and

C. Ordering the Company to pay an amount equal to the greater of:

    i. the amount of interest due under the Plans; or

    ii. liquidated damages equal to 20% of the contributions due under the Plans; and

    D.    Ordering the Company to pay the reasonable attorney's fees, arbitrator's fees, and associated costs incurred by the JIB with respect to this arbitration.

Dated: December 11, 2017
       Queens, New York

By: _____
Parisis G. Filippatos
*Counsel*
Joint Industry Board
of the Electrical Industry
*Attorneys for Claimant*

158-11 Harry Van Arsdale Jr. Avenue
Flushing, NY 11365
(718) 591-2000 ext. 1628
pfilippatos@jibei.com

# Exhibit A

**Joint Industry Board of the Electrical Industry**
158-11 Harry Van Arsdale Jr. Ave., Flushing, New York 11365
Tel: (718) 591-2000  Fax: (718) 591-1102

| Contractor Name: | ESE ELECTRICAL INC | Contractor # | A71 |
|---|---|---|---|
| Address: | 1122 CONEY ISL AVE | | |
| | BROOKLYN NY 11230 | | |
| Telephone # | (718) 797-5947 | Fax # | (718) 797-5948 |
| Contact: | SIBELLE DAAMS | Association: | Independent |

**Breakdown of Benefits Owed**

**** PLEASE NOTE: ESTIMATED WEEKS MUST BE REPORTED ****

| WK# | WEEKENDING | | JIB CONTRIBUTIONS | DSP CONTRIBUTIONS EMPLOYEE | DSP CONTRIBUTIONS EMPLOYER | TOTAL DSP | TOTAL REQUIRED CONTRIBUTIONS |
|---|---|---|---|---|---|---|---|
| 31 | 8/2/2017 | | $ 17,161.88 | $ 336.81 | $ 6,915.38 | $ 7,252.19 | $ 24,414.07 |
| 32 | 8/9/2017 | | $ 17,285.11 | $ 338.47 | $ 7,018.24 | $ 7,356.71 | $ 24,641.82 |
| 33 | 8/16/2017 | | $ 16,276.67 | $ 326.37 | $ 6,666.67 | $ 6,993.04 | $ 23,269.71 |
| 34 | 8/23/2017 | | $ 11,092.80 | $ 253.67 | $ 4,697.75 | $ 4,951.42 | $ 16,044.22 |
| 36 | 9/6/2017 | | $ - | $ 222.96 | $ 3,489.31 | $ 3,712.27 | $ 3,712.27 |
| 38 | 9/20/2017 | | $ 11,127.24 | $ 254.60 | $ 4,361.63 | $ 4,616.23 | $ 15,743.47 |
| 39 | 9/27/2017 | | $ 11,127.24 | $ 254.61 | $ 4,361.63 | $ 4,616.24 | $ 15,743.48 |
| 40 | 10/4/2017 | | $ 11,020.57 | $ 252.74 | $ 4,307.02 | $ 4,559.76 | $ 15,580.33 |
| 41 | 10/11/2017 | | $ 9,039.31 | $ - | $ - | $ - | $ 9,039.31 |
| 42 | 10/18/2017 | | $ 11,127.24 | $ 254.61 | $ 4,361.63 | $ 4,616.24 | $ 15,743.48 |
| 43 | 10/25/2017 | | $ 11,080.86 | $ 253.76 | $ 4,337.77 | $ 4,591.53 | $ 15,672.39 |
| 44 | 11/1/2017 | | $ 11,111.78 | $ 254.31 | $ 4,353.67 | $ 4,607.98 | $ 15,719.76 |
| 45 | 11/8/2017 | | $ 11,192.12 | $ 255.67 | $ 4,367.52 | $ 4,623.19 | $ 15,815.31 |
| 46 | 11/15/2017 | | $ 9,104.21 | $ 224.03 | $ 3,495.23 | $ 3,719.26 | $ 12,823.47 |
| 47 | 11/22/2017 | est | $ 9,104.21 est | $ 224.03 | $ 3,495.23 | $ 3,719.26 | $ 12,823.47 |
| | | | $ 166,851.24 | | | $ 69,935.32 | $ 236,786.56 |

| Interest | DSP Interest | Letter dated 7/11/17 due 8/10/17 | | $ 124.80 |
|---|---|---|---|---|
| | JIB Interest | Letter dated 11/13/17 due 12/15/17 | | $ 347.67 |
| | Stipulation Interest | Letter dated | | |
| | Additional Interest | Unpaid Contributions | | $ 1,737.42 |
| | Audit Interest | Letter dated | | |
| | | | Total Interest Late paid and Unpaid | $ 2,209.89 |

| Audit Deficiencies | Letter dated | Performed on | Period | |
|---|---|---|---|---|

| Dishonored Checks | JIB/401K | Week ending date | | |
|---|---|---|---|---|

| Shortages or Underpayments | JIB | weeks #29-30; 35-37/2017 | $ 632.50 |
|---|---|---|---|

| Liquidated Damages | | | $ 47,483.81 |
|---|---|---|---|

| Legal Fees and Costs | HEARING DATE: | Attorney Fee | |
|---|---|---|---|
| | | Administrative Fee | $ 250.00 |
| | | Arbitrator Fee | |
| | AWARD DATE: | Arbitrator Fee | |
| | | Ed Weissman Fee | $ 2,000.00 |
| | HEARING DATE: February 28, 2017 | Attorney Fee | $ 450.00 |
| | | Administrative Fee | $ |
| | | Arbitrator Fee | $ 466.67 |
| | AWARD DATE: March 7, 2017 | Arbitrator Fee | $ 1,400.00 |
| | August 15, 2017 | Ed Weissman Fee | $ 2,000.00 |
| | | Total Legal Fees and Costs | $ 4,250.00 |

**STIPULATION HISTORY**
Number of prior stips: 1
Date of last stipulation: 2012

| | TOTAL | $ 291,362.76 | |
|---|---|---|---|
| | AWARD 3/7/17 | $ 23,470.21 | HEARING 2/28/17 |
| | | | Judgment 8/15/17 |